UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FRANK STOFFELS, on behalf of the SBC Telephone Concession Plan and all other persons similarly situated,<br><br>      Plaintiffs,<br>vs.<br><br>SBC COMMUNICATIONS, INC., AND THE SBC TELEPHONE CONCESSION PLAN,<br>      Defendants. | Case No.: SA-05-CA-0233 |

**PLAINTIFFS' MOTION TO STRIKE TWO
AFFIRMATIVE DEFENSES IN DEFENDANT'S ANSWER**

Pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure, Plaintiffs respectfully move to strike as insufficient two affirmative defenses asserted in the Answer (D.E. # 337) to Plaintiffs' Second Amended Complaint filed by AT&T, Inc. "as the alleged administrator" on behalf of the SBC Telephone Concession Plan ("Answer").[1]

## BACKGROUND

Plaintiffs' Complaint asserts a single claim – under ERISA § 502(a)(1)(B) – against the SBC Telephone Concession Plan. Compl. ¶¶ 152-54. Plaintiffs' ERISA § 502(a)(1)(B) claims seeks an order, among other things, requiring the Plan to pay benefits and for "a declaration clarifying their right to receive" benefits. *Id.* ¶ 154 & Prayer For Relief ¶¶ 9-11. On May 21, 2008, the Court determined that the SBC Telephone Concession was an ERISA pension plan and that Defendant SBC (n/k/a AT&T, Inc.) maintained the SBC Telephone Concession Plan. *Stoffels v. SBC Commc'ns, Inc.*, 555 F. Supp. 2d 745, 761-62 (W.D. Tex. 2008). As ERISA § 3(16)(B) defines the Plan Sponsor as the person or entity maintaining the Plan, this determination identified the plan sponsor. 29 U.S.C. § 1002. As ERISA § 3(16)(A) establishes the plan sponsor as the default plan administrator, this determination also identified the plan administrator of the

---

[1] It is unclear whether the Answer actually constitutes a pleading filed for the Defendant SBC Telephone Concession Plan ("Concession Plan"). The opening sentence of the answer states that AT&T is filing the answer to a complaint served on it as the "alleged administrator of an entity described . . . as 'The SBC Telephone Concession Plan.'" *See* Answer at 1. The required attorneys' signature, is signed under Rule 11(a) for attorneys representing "AT&T Inc.," and not the Concession Plan itself and not for AT&T in its capacity as administrator of the Concession Plan. Answer at 20. The answer's concluding prayer states that it is by "AT&T *on behalf of*" the Concession Plan. This motion assumes, that the Answer is a pleading filed by the Concession Plan and that the "Attorneys for AT&T Inc." who signed the answer represent the Concession Plan, too. *See generally* Wright & Miller, 3D *Federal Prac. & Proc. (Civil)* § 1333 at 517-18 (3d ed. 2004) ("[E]ven when an attorney represents multiple defendants, the signing attorney must make explicit that each defendant has consented and that he or she therefore is signing the removal petition (*or any other paper*) on behalf of each defendant whom he or she represents.") (emphasis added). Since the Court already has determined that the Concession Plan exists, there is no apparent basis for AT&T's indirection.

1

SBC Telephone Concession Plan. *See* 29 U.S.C. § 1002. Under ERISA § 502(d), service on the plan administrator constitutes service on the Plan. 29 U.S.C. § 1132. Within 40 days of a determination that allowed identification of the administrator of the SBC Telephone Concession, Plaintiffs served Defendant AT&T in its capacity as plan administrator – in addition to having served AT&T (f/k/a SBC) at the initiation of this litigation. D.E. # 3. On July 21, 2008, an answer was filed by AT&T as the "alleged administrator of the SBC Telephone Concession Plan" in which several affirmative defenses were asserted. D.E. # 337.

## ARGUMENT

A motion under Rule 12(f) is the appropriate procedural mechanism for challenging a defense that is legally insufficient. *Kaiser Aluminum & Chemical Sales, Inc.*, 677 F.2d 1045, 1057-58 (5th Cir. 1982). Striking an insufficient defense assists in streamlining a case for trial. *Ameriwood Indus. Intern. Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997).

### I. AFFIRMATIVE DEFENSES MUST CONTAIN MORE THAN "BARE BONES" RECITATIONS OF THE LEGAL DEFENSE

An answer is a pleading and as such an "affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006) ("Affirmative defenses are pleadings and, as such, are subject to all the same pleading requirements applicable to complaints.") The specificity requirements for pleading an affirmative defense are the same as the requirements for a complaint. *T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, No. 3:08-cv-0340-G, 2008 WL 2600016, at *2 (N.D. Tex. July 1, 2008). In short, there must be enough specificity in the

2

pleading's assertion of the affirmative defense to provide "fair notice" of the defense. *Woodfield*, 193 F.3d at 362.

In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Supreme Court clarified that fulfilling the "obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of [the] elements. *Id.* at 1959. Under the *Twombly* standard, "a wholly conclusory statement" is insufficient; instead, there must be "enough factual matter" so as to "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* Since *Tombly*, this same standard has been applied to affirmative defenses, so that "bald assertions" of affirmative defenses that do little more than parrot the asserted legal defense are legally insufficient under the pleading standard. *T-Mobile*, 2007 WL 2600016, at *2 (striking affirming defenses); *see Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (determining affirmative defenses must be more than "bare-bones conclusory" recitations). Two of the affirmative defenses asserted in the Answer filed on behalf of the SBC Telephone Concession Plan fail to meet this standard.

## II.     THE AFFIRMATIVE DEFENSE OF IMPOSSIBILITY IS INSUFFICIENT.

Defendant's Fifth Affirmative Defense, labeled "impossibility," recites no more than that "[i]t is impossible for reimbursement" "to comply with" ERISA requirements "for defined benefit pension plans:"

> It is impossible for reimbursement of all or a portion of costs for telephone services for retirees who, at some point, happen to choose to live outside of an area served by an operating company owned by Defendant (such as that alleged by plaintiffs) to comply with the requirements of ERISA for defined benefit pension plans.

Answer (D.E. # 337) ¶ V. At a minimum, an affirmative defense must recite the elements of the defense *and* sufficient facts supporting the defense, which if true, would entitle

3

them to relief. *See T-Mobile*, 2008 WL 2600016 at *3 (striking affirmative defenses of unclean hands defense because its "bald assertion" failed to give "fair notice"); *Reis Robotics*, 462 F. Supp. 2d at 906 (N.D. Ill. 2006). In this case, this is not even a skeletal restatement of the defense, as Defendant does not even recite the elements, much less sufficient factual detail. *See Stoffels v. SBC Commc'ns,* 526 F. Supp. 2d 645, 653-54 (W.D. Tex. 2007) (reciting elements of impossibility defense).

Additionally, impossibility is an equitable defense., *Florida Power & Light Co. v. Westinghouse Elec. Corp.*, 826 F.2d 239, 263 (4th Cir. 1987). As a result, the pleading requirements are even more stringent. *See Voeks v. Wal-Mart Stores, Inc.*, 2008 WL 89434, *7 (E.D. Wis. Jan. 7, 2008) "[e]quitable defenses 'must be pled with the specific elements required to establish the defense' [and] 'require at least some direct or inferential allegations as to each element of the defense'"); *Reis Robotics,* 462 F. Supp. 2d at 907 (explaining "equitable defenses that must be pled with the specific elements required to establish the defense").

Assuming that impossibility is a defense to the only claim asserted against the Plan – a claim under ERISA § 502(a)(1)(B) – much less any ERISA claim,[2] it requires the party asserting it to establish two elements: (1) that it is technically impossible to comply with the literal requirements of the statute; and (2) that the party has complied to the extent possible, even if exact compliance is not possible. *Peterson Bros. Steel Erection Co. v. Reich*, 26 F.3d 573, 579 (5th Cir. 1994) (determining defendant failed to establish defense where it failed to show compliance to the extent possible). Defendant's

---

[2] Plaintiffs have previously questioned the applicability of the defense in the ERISA context. *See* Pl. Memo. in Opp. to Def. AT&T's Mot. for Summ. J., at 21 n.30 (citing *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1503 (9th Cir. 1985) and *Starr v. JCI Data Processing, Inc.*, 767 F. Supp. 633, 640 n.7 (D. N.J. 1991), as authority rejecting the defense's applicability).

4

pleading alleges nothing at all about either one of these elements, or any facts in support. The absence of *any* factual assertions about the two elements of this purported defense and, even worse, the absence of even any reference to the two elements of the defense itself, fails to give Plaintiffs "fair notice" of the basis for the defense. As this is insufficient, the defense should be struck

### III. THE AFFIRMATIVE DEFENSE OF STATUTE OF LIMITATIONS IS INSUFFICIENT

The Sixth Affirmative Defense, Statute of Limitations, is stated in completely circular terms, making the unremarkable assertion that, if Plaintiffs are asserting any claims "arising" prior to the applicable limitations period are barred by limitations:

> *To the extent that* the individual plaintiffs assert, or purport to assert on behalf of others, claims arising prior to the applicable limitations period, such claims (generally two or four years *depending upon the claim asserted*) are barred by limitations.

Answer (D.E. # 337 ) ¶ VI (emphasis added). In other words, the entire basis for the limitations defense is that, *if the limitations period has run on any of the claims*, then the limitations defense is valid.

Affirmative defenses that "merely state legal conclusions without any supporting statements of fact" are insufficient. *Strom v. Strom Closures, Inc.*, No. 06-C-7051, 2008 WL 489363, * 6 (N.D. Ill. Feb. 20, 2008) (striking affirmative defenses which state no facts). As pled, this limitations defense provides no notice whatever about Defendant's litigation position as to when the asserted claims accrued or any other even basic facts about accrual.[3] As there is a single claim against the Plan - i.e. under ERISA §

---

[3] Limitations periods begin running when a claim "accrues." *E.g., Abdel v. U.S. Bancorp*, 457 F.3d 877, 880 (8th Cir. 2006) (accrual of an ERISA § 502(a)(1)(B) cause of action presents a question of federal common law and occurs when the plan fiduciary either formally denies a claim for benefits or clearly repudiates the plan and its benefits and the repudiation is known to

5

502(a)(1)(B) -- the assertion that the applicable limitations period depends on the claim asserted simply makes no sense.

If Plaintiffs are to be faced with a limitations defense from the Concession Plan, then they are entitled to something more than the assertion that, if it applies, it is being asserted. Yet, the Answer's statement of the defense does no more than this. As this amorphous statute of limitations defense does not put Plaintiffs on notice of anything concrete and because, therefore, the defense as pled does not advance the development of the case in any respect, it should be struck.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike Defendant SBC Telephone Concession's Fifth and Sixth Affirmative Defenses pled in its Answer should be granted.

Dated: August 11, 2008

Respectfully submitted,

/s/
R. Joseph Barton
**COHEN, MILSTEIN, HAUSFELD
    & TOLL, P.L.L.C.**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Marc I. Machiz
**COHEN, MILSTEIN, HAUSFELD
    & TOLL, P.L.L.C.**
One South Broad Street, Suite 1850
Philadelphia, PA  19107
Telephone: (215) 825-4010
Facsimile:  (215) 825-4001

---

the beneficiaries). It is not clear whether the term "arising" as used in the affirmative defense is meant to be synonymous with the more technically correct term, but this motion assumes it is.

6

Renea Hicks
101 W. 6th Street
Suite 504
Austin, Texas 78701
Telephone (512) 480-8231
Facsimile (512) 480-9105

*Counsel for Plaintiffs & the Class*