IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FRANK STOFFELS, James Belcher, Burnie Joe Dunn, and Jack Giuliani, on behalf of the SBC Concession Plan<br><br>*Plaintiff*,<br><br>v.<br><br>SBC Communications, Inc. And the SBC Telephone Concession Plan<br><br>*Defendant*. | Case No. SA-05-CV-0233-XR |

**ORDER**

On this day the Court considered Defendant's Bill of Costs (Docket Entry No. 429) and the Plaintiffs' objections. For the reasons stated below, the Court awards Defendant $34,323.25.

**Legal Standard**

Rule 54(d)(1) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).This case is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. ERISA provides that the Court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29. U.S.C. § 1132(g)(1). ERISA is silent on those costs other than attorney fees that the Court may tax under the authority of Rule 54(d). In an ERISA action, the Court will look to 28 U.S.C. § 1920 to determine taxable costs. *Cf. Cook Children's Med. Ctr. v. New. Eng. PPO Plan of Gen. Consol. Mgmt., Inc.*, 491 F.3d 266, 276 (5th Cir.2007) (holding that mediation fees cannot be awarded as costs in an ERISA suit because they are not explicitly authorized by § 1920).

Section 1920 enumerates the taxable costs that may be awarded under Rule 54(d). 28 U.S.C. § 1920. *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Unless otherwise authorized by statute, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in § 1920. *Id*. Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

## Analysis

ERISA authorizes the Court to award costs "in its discretion." 29 U.S.C. § 1132(g). In the Fifth Circuit, awards of costs under ERISA are limited to those listed in 28 U.S.C. § 1920. *Humphrey v. United Way of the Tex. Gulf Coast*, 802 F. Supp. 2d 847, 686 (S.D. Tex. 2008) (citing *Cook Children's Medical Center v. New England PPO Plan of Gen. Consol. Management, Inc.*, 491

2

F.3d 266, 275-76 (5th Cir. 2007), *cert. denied*, 552 U.S. 1180, 128 S. Ct. 1223 (2008)).

Plaintiffs argue that, because the award of costs under ERISA is "in the Court's discretion," the Court should consider whether an award of costs is appropriate under five factors outlined in *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir.1980).[1] *See 1 Lincoln Fin. Co. v. Metro. Life Ins. Co.*, 428 Fed. Appx. at 396. SBC Communications responds by arguing that in the Fifth Circuit courts should use a "prevailing party" test for awards of costs rather than the five *Bowen* factors.

Until recently, the award of costs in ERISA cases in the Fifth Circuit was governed by the "prevailing party" standard. However, that standard was abrogated by the United States Supreme Court's decision in *Hardt v. Reliance Standard Life Insurance Company*.[2] In *Hardt*, the Supreme Court held that a party need not be the prevailing party to be eligible for attorney fees and costs under ERISA, but instead must demonstrate some degree of success on the merits. *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2151 (2010). The Fifth Circuit has concluded that *Hardt*

---

[1] These five factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing party would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' position. *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1458 (5th Cir. 1995), *see also 1 Lincoln Fin. Co. v. Metro. Life Ins. Co.*, 428 F. App'x 394, 396 (5th Cir. 2011).

[2] Plaintiff also asserts that Defendant's Bill of Costs should be denied as untimely under Local Rule 54(a). Local Rule 54(a) requires a party who is awarded costs to "prepare and file a proposed bill of costs no later than 14 days after the entry of judgment." However, Local Rule 54(a) was not in effect at the time judgment was issued in this case, and therefore cannot be used a basis for finding the Bill of Costs to be untimely.

abrogates the "prevailing party" requirement for awards of fees and costs, and requires courts to determine whether the party achieved some degree of success on the merits of the case. *1 Lincoln Fin. Co. v. Metro. Life Ins. Co.*, 428 Fed. Appx. 394, 395 (5th Cir. 2011).

SBC Communications prevailed at both the trial and appellate levels, and therefore achieved "some degree of success on the merits." Accordingly, the Court concludes costs should be awarded pursuant to Section 1920.[3]

1. *Deposition Transcripts*

SBC Communications seeks to recover the cost of the deposition transcripts for a number of witnesses. Plaintiff objects to the award of costs for the depositions of two experts, John Langbein and Matthew Medlin, on the grounds that they were not called at trial and were not necessary for trial preparation. SBC Communications responds that it was reasonable to expect to use its experts' depositions in trial preparation and that the depositions could not have been purely for discovery purposes because "it already knew its experts' opinions." The Court agrees with Plaintiff that the depositions were not necessary for trial preparation. The Court therefore declines to award costs for these depositions. As to the remaining depositions, the Court concludes they were necessary for trial preparation and awards costs for the transcripts.[4]

---

[3] Although Plaintiff argues that the *Bowen* factors should be considered in determining the award of costs, the Supreme Court in *Hardt* concluded that they need not even be considered for awards of attorneys fees. *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. at 2151. There is no reason to believe the Supreme Court would come to a different conclusion regarding costs. Nevertheless, this Court notes that even if the factors were applied in this case, it would not change the result.

[4] SBC Communications submitted a summary of deposition costs. There were inconsistencies between the summary of the transcript costs and the transcript receipts. The Court relies on the receipts to calculate the award.

SBC Communications also seeks to recover for the video recordings of several, but not all of the depositions. The Court notes that SBC Communications seeks recovery for the costs of the transcripts as well as for the video recordings of these depositions. The Court does not generally award costs for both. See *Lear Siegler Services v. Ensil Int'l Corp.*, SA-05-CV-679-XR, 2010 WL 2595185 (W.D. Tex. June 23, 2010). Accordingly, the Court denies SBC Communications the costs of the video depositions.

2. *Expedited Trial and Hearing Transcripts*

In addition, SBC Communications seeks to recover the cost related to expedited same day and "Real Time" transcripts of the trial and several hearings. The extra cost of obtaining expedited transcripts is not taxable "unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Fogleman*, 920 F.2d at 286. Absent a showing of necessity, the Court will reduce the taxable costs for these transcripts to whatever the charge would have been on a non-expedited basis. *Id*. There was no prior approval of expedition for SBC Communications in this case. SBC Communications argues in its response to Plaintiff's objections to the Bill of Costs that the expedited transcripts were necessary for use in the trial. Specifically, SBC Communications argues that it obtained same-day transcripts of the trial for use in closing arguments. SBC Communications also argues that it obtained same-day transcripts of two hearings in order to respond to Plaintiffs' evidentiary objections and to prepare a written form requested by the Court. However, the Court disagrees and finds that the expedited transcripts were for the convenience of the attorneys and were not necessary for use in the case. Accordingly, the Court reduces the award for trial transcripts costs by ten percent and awards total costs in the amount of $6,727.00.

3. *Shipping and Delivery*

SBC Communications seeks to recover the cost of shipping and delivery of some of the transcripts and video recordings. Although § 1920 allows recovery of fees for transcripts, it does not allow recovery for shipping and delivery specifically. *See* 28 U.S.C. § 1920. Costs for mail services have consistently been disallowed on the grounds that these expenses are only for the convenience of the attorney. *See Mota v. The Univ. of Tex. Houston Health Sci. Ctr.,* 261 F.3d 512, 529 (5th Cir.2001), *see also Denner v. Texas Dept. of Criminal Justice,* Civ. No. SA-05-CA-184XR, 2007 WL 294191 (W.D. Tex. Jan. 29, 2007), *Auto Wax Co., Inc. v. Mark V Products, Inc.*, CIV.A.3:99-CV-0982-M, 2002 WL 265091 (N.D. Tex. Feb. 22, 2002). The Court has identified 45 invoices which contain shipping and delivery charges totaling $1,126.68. The Court therefore declines to award the cost of shipping and delivery.

4. *Copies and Digital Files*

The Court has also identified seven invoices that contain charges for compressed files and other digital copies of transcripts and video recordings totaling $996.05. Copy costs are recoverable under § 1920 if they are necessarily obtained for use in the litigation. 28 U.S.C. § 1920(4), *see also Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir.1994). Section 1920 does not allow the prevailing party to recover the cost of materials that were merely added for the convenience of the attorney. *See U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 451 (W.D. Tex. 2010) (citing *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir.1983)). Other than providing invoices for the copies, SBC Communications provides no further description indicating the purpose of the copies. The Court therefore declines to award these costs.

5. *Other Expenses*

In addition, SBC Communications seeks to recover for incidental costs, including parking, administration fees, and finance charges totaling $588.03. Incidental costs associated with depositions such as these are generally not recoverable under § 1920. *See Halliburton Energy Services*, Inc. v. M-I, LLC, 244 F.R.D. 369, 371 (E.D. Tex. 2007), *Canion v. United States*, No. EP-03-CA-0347-FM, 2005 WL 2216881 at *3 (W.D.Tex.2005), *Harris Corp. v. Sanyo No. Am. Corp.*, 2002 WL 356755, at *3 (N.D.Tex. March 4, 2002). The Court therefore declines to award these costs.

## Conclusion

The Clerk is ORDERED to tax $34,323.25 in costs to SBC Communications as follows: (1) $27,596.25 for deposition transcript costs; and (2) $6,727.00 for expected trial and hearing transcripts.

It is so ORDERED.

SIGNED this 11th day of June, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE